**CITY COM'RS OF CITY OF DENTON et al. v. BRADLEY et al.   (No. 2555.)**

(Court of Civil Appeals of Texas.   Texarkana. April 20, 1922.)

**Municipal corporations ⬤⟶323(2)—Refusal of property owners to consent to paving as required by resolution no ground for injunction.**

Where a city had adopted Rev. St. arts. 1006–1017, article 1013 of which provides that no assessment for street improvements against abutting property shall be made until after a hearing after reasonable notice to property owners, and that no assessment shall be made in excess of the benefit from the enhanced value of the property, and article 1015, which provides that owner of assessed property may sue in a court of competent jurisdiction to set aside or correct an assessment, an injunction to stop paving will not be granted an owner of abutting property on the ground that 80 per cent. of the abutting property owners had not signified their assent and guaranteed payment of certificates in which a contractor was to be paid, as required by resolution of the city commission; the resolution being for the purpose of securing the contractor, and not for the benefit of the property owners.

Appeal from District Court, Denton County; C. R. Pearman, Judge.

Suit by S. M. Bradley and others against the City Commissioners of the City of Denton and another. From judgment for plaintiffs, defendants appeal. Reversed and rendered.

Owsley & Owsley, of Denton, and S. F. Caldwell, of Mt. Pleasant, for appellants.

S. M. Bradley, Joe S. Gambill, and W. W. Alcoon, all of Denton, for appellees.

HODGES, J.   This suit was instituted by the appellees S. M. Bradley and H. E. May to enjoin O. L. Creigler, a contractor, and the city commissioners of Denton, Tex., from making certain designated street improvements. The petition alleges, in substance, that on the ——— day of November, 1920, the commissioners, representing the city government of Denton, entered into a contract with Creigler whereby it was agreed that the city was to pave a portion of West Oak street at a price of $21 per lineal foot; one-third of the cost was to be paid by the city, and the remaining two-thirds by the abutting property owners. As a part of the contract with Creigler, the city commission passed an ordinance in which it was expressly stipulated that the contract so made should not become binding and enforceable until at least 80 per cent. of the owners of property abutting on the street to be improved should obligate themselves individually, in writing, to pay their pro rata part of the cost of making the improvement. A copy of that resolution was appended to the petition as "Exhibit A." It was further alleged that 80 per cent. of those property owners had not, in writing or otherwise, obligated themselves to pay any part of the cost of the improvement; but, on the contrary, 30 per cent. of them had refused and would continue to refuse to pay one-third of the cost of the paving. It is averred that the price to be paid to Creigler according to the terms of the agreement is exorbitant; that the property to be taxed will not be enhanced in a sum equal to the cost of the improvements if done according to the plans upon which the contract is based. Each of the plaintiffs claimed to own 80 feet of land fronting on the street to be improved, and both assert that the cost of paving the street will be a charge against their property, creating a cloud upon their title, to their damage in the sum of $1,000. They pray for a writ of injunction restraining the city commission and Creigler from carrying out the provisions of the contract. Upon the filing of that petition a temporary restraining order was granted, which was later made final.

The resolution referred to in the petition and attached as Exhibit A is as follows:

"Exhibit A.                    Oct. 1st, 1920.

"Be it resolved by the city commission of the city of Denton: That, whereas, the property

owners on Oak street have petitioned the city commission to cause said Oak street to be paved with vertical fiber brick, in accordance with the bid of the successful bidder on the bids received by said city commission on August 17, 1920, and whereas,

"The city commissioners have decided that the bid of O. L. Crigler of Winnsboro, Tex., was the lowest and best bid:

"Now, therefore, be it resolved that the commission hereby agrees and contracts with the said O. L. Crigler to proceed with the paving of Oak street, from the Square to Fry street, in the city of Denton, Tex., with vertical fiber brick paving according to plans and specifications heretofore approved by the city commission.

"The city engineer is hereby ordered to prepare proper contract and bond for approval, and the construction of said street shall start as soon as 80 per cent. of the property owners have signed up guaranteeing to pay their share of the cost of said construction."

The facts show that, some time prior to the date upon which the contract with Creigler was entered into, the city of Denton had regularly adopted the provisions of chapter 11 of title 22 of the Revised Civil Statutes, and in providing for the street improvement referred to in the petition was proceeding under the terms of that law. There is in the record no complaint of any irregularities in any of the proceedings, except the attempt to begin work in making the street improvement before 80 per cent. of the property owners had "signed up guaranteeing to pay their share of the cost of said construction." It is not contended that the city was without legal authority to make those improvements in the manner contemplated without first securing the consent of 80 per cent. of the abutting property owners in the manner specified in the resolution. The suit seems to be founded upon the proposition that, having passed the resolution referred to, the city government and Creigler are bound by its terms and cannot now evade them. If the city government could have proceeded with the improvements without first procuring, in the manner alleged, the consent of the abutting property owners, there appears to be no good reason why that feature of the contract could not be waived by the city and the contractor. It is only fair to assume that it was put into the contract for the benefit of the contractor as a means of strengthening the security for the payment of the certificates to be issued thereafter. The resolution stipulated, not that the contract should be ineffective till 80 per cent. of the abutting property owners had signified their assent, but that the work should not be started until they had guaranteed the payment of the certificates in which the contractor was to be paid. The appellees have no ground of complaint, unless in making the contract and the proceed-

ings thereunder some legal requirement is omitted. Article 1013 of the Revised Civil Statutes, which is a part of chapter 11 of title 22, provides that no assessment of any part of the cost of making street improvements shall be made against any abutting property, or against the owner of any abutting property, until a full and fair hearing shall first have been given to the owners of such property after reasonable notice thereof. It further provides that no assessment shall be made against any owner of abutting property in any event in excess of an actual benefit to such owner, in the enhanced value of his property, resulting from the improvement, which shall be ascertained at the hearing provided for. The evidence fails to show that any such opportunity for being heard has been denied to the appellees. Clearly, no certificate could be issued which would incumber their property until after such a hearing. Article 1015 provides that any property owner, against whom an assessment has been made, shall have the right, within 20 days thereafter, to bring suit in any court having jurisdiction, to set aside or correct the same, or any proceedings with reference thereto, on account of any error or invalidity therein. In this last article is furnished an opportunity for all property owners to test the regularity and legality of all the proceedings antedating such hearing. The city commission and Creigler had the right, if they saw proper, to waive that provision of the resolution, since the law did not require any such conditions in order to make the contract valid.

We are of the opinion that the court erred in granting the writ, and the judgment will therefore be reversed, and judgment here rendered dissolving the injunction.